UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| TAMMY BURKHART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:12-CV-243 |
| | ) | (VARLAN/SHIRLEY) |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned on a Motion to Substitute As a Plaintiff Under Rule 25(a)(1) [Doc. 22],[1] filed on March 6, 2013. See 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). The motion requests that the Plaintiff's daughter, Michelle Watkins, be substituted as the plaintiff in this action. Defendant Carolyn W. Colvin, the Commissioner of Social Security ("Commissioner"), has not responded, and the period for responding has expired, see E.D. Tenn. L.R. 7.1; Fed. R. Civ. P. 6(d), 59(b)(2)(E).

By way of background, Plaintiff Burkhart filed a Complaint [Doc. 2] against the Commissioner on May 21, 2012. The Commissioner filed an Answer [Doc. 9] on August 24, 2012. The Plaintiff filed a Motion for Summary Judgment [Doc. 13] alleging that she had been wrongfully denied Social Security Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") and that she was entitled to judgment as a matter of law. The Commissioner also filed a Motion for Summary Judgment [Doc. 20] arguing that the decision of

---

[1] Attached to the motion is a death certificate [22-1] and Michelle Watkins's Affidavit [Doc. 22-2].

1

the ALJ denying the Plaintiff's claim should be affirmed. Both motions for summary judgment are currently pending before this Court.

The motion to substitute Plaintiff Burkhart states that she passed away on December 18, 2012, and requests that her daughter, Ms. Watkins, be substituted as the plaintiff and receive any DIB payments should the case be reversed and benefits paid. The motion states that Ms. Watkins is the sole surviving daughter and that Plaintiff Burkhart does not have a surviving spouse, surviving minor children, or surviving parents. In addition, the motion states that Ms. Watkins is unaware of any other individual who would have standing pursuant to 20 C.F.R. § 404.503(b)(1)-(4). An affidavit attached to the motion [Doc. 22-2] adds that Ms. Watkins will be the executor of her mother's estate.

Federal Rule of Civil Procedure 25(a)(1) provides, "If a party dies and the claim is not extinguished, the court may order substitution of the proper party." In DIB or SSI cases, the claim does not extinguish and the proper party may be entitled to underpayments. See 20 C.F.R. §§ 404.503 and 416.542. Therefore, the Court must address whether Ms. Watkins is a proper party.

If a claimant dies before she receives a DIB underpayment,[2] certain other individuals may receive the underpayment pursuant to an order of priority. See 20 C.F.R. § 404.503(b). Generally, children who are not minors, not disabled, and not full-time students, are fifth in the order of priority. See 20 C.F.R. 404.503(b)(5). "A member of any of the enumerated classes eligible for a deceased claimant's benefits has standing to pursue the deceased claimant's benefits." Blanton ex rel. Blanton v. Astrue, No. 1:10-cv-2463, 2011 WL 2637224, at *2 (N.D. Ohio June 20, 2011) (citing Youghiohenny & Ohio Coal Co. v. Webb, 49 F.3d 244, 247 (6th Cir.

---

[2] The term "underpayment" includes "nonpayment where some amount of such benefits was payable. An underpayment may be in the form of an accrued unpaid benefit amount for which no check has been drawn or in the form of an unnegotaited check payable to a deceased individual." 20 C.F.R. § 404.501(a).

1995)). As Plaintiff Burkhart's child, Ms. Watkins has standing to challenge the denial of DIB. In addition, if Ms. Burkhart becomes the executor of the estate, she also has standing pursuant to 20 C.F.R. § 494.503(b)(7).

On the other hand, only spouses and parents are eligible to receive underpayments for SSI. See 20 C.F.R. § 416.542(b)(4) ("No benefits may be paid to the estate of any underpaid recipient, the estate of the surviving spouse, the estate of a parent, or to any survivor other than" a surviving spouse or surviving parents). The motion states that Ms. Watkins is qualified to receive any payment of back DIB payments, but it does not assert Ms. Watkins is eligible for SSI underpayments. In fact, the motion only cites to 20 C.F.R. § 404.503, which is the provision for DIB. Regardless, Ms. Watkins is not a spouse or parent, and therefore, she lacks standing to challenge the denial of benefits because prevailing in this Court would not provide her any redress. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992) (noting that it must be likely that the plaintiff's injury-in-fact would be redressed by a favorable decision).

Accordingly, the Court finds the Motion to Substitute As a Plaintiff Under Rule 25(a)(1) [**Doc. 22**] well-taken and is **GRANTED in part** to the extent it requests that Ms. Watkins be substituted for the DIB claim but **DENIED** to the extent it requests that Ms. Watkins be substituted for the SSI claim. Michelle Watkins shall be substituted as the Plaintiff in this matter for the DIB claim but not for the SSI claim.

**IT IS SO ORDERED.**

ENTER:

　　　s/ C. Clifford Shirley, Jr.
United States Magistrate Judge